UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ELAINE BROWN,

                       Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                       Defendant.

------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 10 2012 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

10-CV-00784 (ENV)

**VITALIANO, D.J.**

    <u>Pro se</u> plaintiff Elaine Brown seeks review of Social Security Administration ("SSA") determinations related to a disability award and payments under it made to her. For the reasons provided below, the action is dismissed because Brown has failed to exhaust her administrative remedies.

Background

    Plaintiff filed an application for a period of disability and disability insurance benefits on December 4, 1996, claiming a disability onset date of October 1, 1996. Administrative proceedings and a court-ordered remand followed. As a result of the remand, on June 4, 2002, an administrative law judge (the "ALJ") issued a decision partially favorable to Brown, but not as to the disability onset date, which was fixed as September 1, 1998. The ALJ's decision informed Brown she had 60 days to file an appeal with SSA's Appeals Council. On August 3, 2002, SSA issued a Notice of Award informing plaintiff that her entitlement to disability benefits would commence as of February 1999, which was calculated by adding a five-month waiting

period to the disability onset date established in the ALJ's decision. The Notice of Award also informed plaintiff she had 60 days to appeal that determination.

Brown failed to timely appeal from either order.[1] Her next communication of record with SSA occurred on June 12, 2009, when she sent a letter appearing to challenge both the disability onset date and the amount of the benefit award. On June 15, 2010, SSA construed plaintiff's 2009 letter as a request for reconsideration of the Notice of Award and dismissed the request as time barred.

Plaintiff commenced this action on February 19, 2010. She targets either (1) the ALJ's decision or (2) the Notice of Award. The Commissioner has moved to dismiss based on a failure to exhaust administrative remedies.

## Discussion

A district court generally cannot hear a challenge to an SSA determination absent exhaustion of administrative remedies through the filing of a prior, timely appeal to the Appeals Council. Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983); Walrath v. Commissioner of Soc. Sec., 139 Soc. Sec. Rep. Serv. 412 (N.D.N.Y. 2009). Plaintiff had 60 days from June 4, 2002 to appeal the ALJ's decision. See 20 C.F.R. §§ 404.967, 404.968(a)(1); see also Escalera v. Commissioner of Soc. Sec., 457 Fed. App'x 4, 6-7 (2d Cir. 2011). Plaintiff had 60 days from August 3, 2002 to appeal the Notice of Award. See 20 C.F.R. § 404.907; see also Escalera, 457 Fed. App'x at 6-7. She did neither.

Perhaps Brown's June 12, 2009 letter to SSA sent approximately seven years later might be considered an attempt at an administrative appeal. But, whether that letter was a challenge to

---

[1] Alternatively, plaintiff could have filed a new court action within 60 days challenging the ALJ's decision without first requesting review by the Appeals Council. See 42 U.S.C. § 405(g). She did not do that either.

2

the ALJ's decision, the Notice of Award, or both, any such appeal was properly denied as untimely. Further, to the extent the letter challenged only the Notice of Award, as SSA construed it in the Commissioner's denial, then no appeal of the ALJ's decision was even attempted. Ultimately, of course, regardless of how the letter is cast, Brown failed to exhaust the applicable administrative remedies because the letter was not a timely appeal of any of the orders challenged here. See Escalera, 457 Fed. App'x at 6-7; Prince v. Soc. Sec. Admin., No. 11–CV–4860 (CBA), 2011 WL 5884851, at *1-2 (E.D.N.Y. Nov. 22, 2011). Finally, given that no basis for waiver of the exhaustion requirement can be founded on the record here, SSA's failure to exhaust defense must be sustained. See Escalera, 457 Fed. App'x at 6 ("A plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." (citation omitted)); see also Skubel v. Fuoroli, 113 F.3d 330, 334-35 (2d Cir. 1997) (holding exhaustion can be waived as futile when, for example, an agency indicates an unwillingness to reconsider its decision despite the availability of additional agency proceedings); Prince, 2011 WL 5884851, at *1-2.

## Conclusion

For the foregoing reasons, defendant's motion is granted and the complaint is dismissed for failure to exhaust.

The Clerk of Court is directed to enter Judgment and to close this case.

SO ORDERED.

Brooklyn, New York
June 29, 2012

ERIC N. VITALIANO
United States District Judge

3