UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ELAINE BROWN,

       Plaintiff,

 -against-

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

       Defendant.
-------------------------------------------------------------X

MEMORANDUM & ORDER

10-CV-784 (ENV)

VITALIANO, D.J.

On September 17, 2012, *pro se* plaintiff Elaine Brown filed a letter challenging this Court's Memorandum and Order dismissing the complaint, dated June 29, 2012, as well as its Judgment of dismissal, dated July 10, 2012. Although not explicitly styled as such, the letter suggests that plaintiff seeks reconsideration of the Memorandum and Order and Judgment pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60.

## Background

Although familiarity with the underlying facts and litigation history is

1

presumed, a brief description of the case's procedural posture will still be helpful. It begins on February 19, 2010, when plaintiff Elaine Brown filed a complaint seeking review of determinations by the Social Security Administration ("SSA") related to a disability award and payments made pursuant to it. By Memorandum and Order, dated June 29, 2012, the Court dismissed the complaint, on the ground that plaintiff failed to exhaust her administrative remedies. Eschewing appeal, plaintiff filed the letter the Court construes as a motion requesting reconsideration.

## Discussion

Local Civil Rule 6.3 allows motions for reconsideration regarding "matters or controlling decisions which [movant] believes the court has overlooked." Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60(b) is similarly restricted. *See Ravnikar v. Latif*, 2010 WL 4875877 (E.D.N.Y. 2010). As it "allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Nothing in Brown's motion provides a basis for the Court to alter its decision dismissing the complaint. The letter does precisely what is meritless on a

2

motion for reconsideration. Brown simply reiterates her earlier argument that SSA miscalculated her benefits. Even if she is correct and SSA did err in it calculations, that mathematical error would not overcome the jurisdictional consequence of her failure to exhaust her administrative remedies by timely application to the Appeals Council seeking review of the administrative law judge's determination as to the propriety of the onset date of her disability or of the Notice of Award informing her of her entitlement to disability benefits.[1] Simply put, neither this Court nor any other district court can hear a challenge to a SSA determination unless the claimant has exhausted all administrative remedies. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983). Plaintiff has offered no authority which would justify reconsideration.

Because Brown's letter does not call the Court's attention to case law or relevant facts that plaintiff believes the Court overlooked in its original decision, the motion fails. *See Wall v. Construction & Gen. Laborer's Union*, 2009 WL 230122 at *1 (2d Cir. 2009).

## Conclusion

For the reasons stated above, the motion for reconsideration is denied. The Clerk is directed to maintain this case on the closed docket.

---

[1] Alternatively, plaintiff could have, but did not, file a new district court action within 60 days of the issuance of the ALJ's order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

Dated: Brooklyn, New York
June 24, 2012

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge